SANDERS *et al.*

*v.*

BURK *et ux.*

*(Supreme Court of Appeals of Virginia, July 18, 1895.)*

[22 S. E. Rep. 516.]

**Tender—Sufficiency of.**

Where a bond is payable "on or before" a certain date, a tender, before maturity, of principal and interest to the date of tender is good.

**Equity Practice—Bill of Review—After-Discovered Evidence.\***

A bill of review alleging after-discovered evidence should be dismissed where due diligence would have put the party filing the bill in possession of all the facts.

Appeal from circuit court, Wythe county; Williams, Judge.

Bill of review by William Burk and wife against J. P. M. Sanders and others. Decree for complainants. Defendants appeal. Reversed.

*Jos. W. Caldwell* and *W. H. Bolling,* for appellants.

*Blair & Blair* for appellees.

KEITH, P., delivered the opinion of the court.

J. P. M. Sanders, B. F. Stanley, and Jos. W. Caldwell filed their bill in the circuit court of Wythe county, in which

---

*See generally, monographic note on "Bills of Review" appended to Campbell *v.* Campbell, 22 Gratt. 649 (Va. Rep. Anno.).

they state that about the 24th of April, 1890, they purchased of William Burk and wife a parcel of land in the corporate limits of the town of Wytheville at the price of $5,000, payable one-third cash and the residue in two equal payments of $1,666.66 each. Having made the cash payments and executed their bonds for the deferred installments, Burk and wife, on on the 3d day of October, 1890, executed to them a deed, and by direction of the plaintiffs conveyed the land to J. P. M. Sanders, as trustee for himself and associates. The vendor's lien for the unpaid purchase money was reserved upon the face of the deed. It was provided in the bonds that they might be paid at or before maturity, a stipulation of some consequence to the plaintiffs, inasmuch as, having bought the property for speculative purposes, they desired to be in a position to make sale thereof at any time, and give the purchasers from them an unincumbered title. It appears that, judgment having been obtained on the first bond a short time before the second became due, the obligors therein tendered to the obligees the full amount of the judgment and paid the bond, principal, and interest to the date of tender. The sum so tendered the obligees refused to receive, claiming that they were entitled to interest up to the time when the bond became due and payable. Thereupon this bill was filed, and the defendants having answered, admitting the sale and purchase of the land upon the terms set out in the bill (except that they deny that it was the intention of the parties to the transaction that the bonds should be payable on or before the 24th of April, 1892, but that the words "on or before" were inserted in the bond by mistake), and admitting that the plaintiffs tendered the sum of $3,628.80 on the 29th of September, 1891, to them, as mentioned in their said bill of complaint, and that the same money tendered is still in bank, but said Burk and wife refused to accept said $3,628.80 so tendered them, for the reason that the amount tendered them was less than the amount and interest secured on their note for the deferred payment, which

was not due until the 24th of April, 1892, making a difference of the interest from the 29th of September, 1891, to 24th of April, 1892, on the said one-third of $5,000, to wit, $1,666.66 which was not tendered them and which they are justly entitled to according to the express terms upon which they sold their land, as shown by the deed herewith filed as a part of this answer marked "Exhibit A."

From this answer, then, it appears that the whole contention between the parties in the original suit was over the interest on $1,666.66 from September 29, 1891, to April 24, 1892, and that the payment, or a valid and subsisting tender, at the time of the institution of the suit, as to the whole of the residue of the purchase money due by the complainants to the defendants, is expressly admitted in the answer. Upon this answer testimony was taken, bearing chiefly upon the issue raised in the answer, of an alleged mistake in drawing the bond, whereby leave was given the plaintiffs to pay "on or before" the date at which they fell due. The circuit court entered a final decree on the 8th of July, 1892, deciding the matter in controversy as to the interest in favor of the plaintiffs, and directing the money which had been tendered by Sanders on behalf of himself and his associates, and which is declared in the decree, to be still on deposit to the credit of Sanders in the Bank of Wytheville, amounting to the sum of $1,809.72, to be paid to the appellees; and directing that the payment should operate as a discharge in full for the debt and lien between the parties ; and directing that the appellees make and deliver to the plaintiffs a deed to that effect, duly acknowledged for record, and, in default of their doing so for 10 days, appointing a commissioner to do so on their behalf ; and ordered further that the plaintiffs recover from the defendants their costs in this cause expended. This decree, as we have seen, was entered on the 8th day of July, 1892, and, on the day following, William Burk and Joanna Burk, his wife, exhibited their bill of review to the

decree above referred to, in which the important averment is that the complainants in their answer to the original bill, were wholly mistaken in the admission which they make in said answer with respect to the money which the appellants claimed to have tendered them and to have kept in the bank at Wytheville on deposit since that time. They declare that between the 8th day of July and the 9th day of the same month they have learned the real facts of the matter. They aver, in the bill for review, all the circumstances connected with the tender, and show in the greatest detail what was done with the money after it was tendered, and alleged in the most circumstantial way possible all the dealing of the appellants with respect thereto since the date of the alleged tender, whereby, as the bill of review avers, appellants have "destroyed every feature of tender that ever appertained to it, and complainants aver that this court and complainants and their counsel alike have been misled by said bill into the belief that the said money tendered complainants had been in said bank, and that the same money tendered was still in said bank, separate and distinct;" and then proceed to argue the law applicable to the subject of tender. Upon this bill an injunction was awarded to the final decree of July 8th, and upon the coming in of the demurrer and answer of Sanders, Stanley, and Caldwell, and a statement of facts made by one John G. Brown, agreed to be read as evidence in the cause, the court entered a decree on October 1, 1892, which modifies the decree theretofore rendered, to the extent of decreeing the interest in dispute to the plaintiffs in the bill of review, and from that decree an appeal was taken, which brings the controversy before us for determination.

We are of opinion that there was no error in the decree of July 8, 1892 ; and we are further of opinion that the bill of review should not have been entertained. Upon the face of the proceedings it appears that if the slightest diligence had been used every fact and circumstance relied upon in that bill could have been ascertained and brought into the record before

the entry of the final decree.  The parties to the controversy all reside in the town of Wytheville or in its immediate vicinity. Whether or not a sufficient tender had been made was a question of fact.  That fact was expressly admitted by the answer to the original bill.  It was no longer, therefore, in issue, and, even if it had been, the proof of it would have depended upon evidence which the exercise of the slightest diligence would have brought to the knowledge of the appellees.  In so far, therefore, as this bill of review rests upon the allegation of error in the final decree, which it seeks to review, we are of opinion that it should not have been entertained, because there was no error in said decree; and, in so far as it rests upon after-discovered evidence, we are of opinion that it should have been rejected, because it does not appear but that every fact stated in the bill of review could have been ascertained by the exercise of ordinary diligence upon the part of the appellees.

We are therefore of opinion that the decree complained of should be reversed.